**FILED**
**Dec 04, 2020**
**07:15 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **DONN PENDERGRASS,** | ) | **Docket No.: 2019-05-1160** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 9424-2019** |
| **RICH TRANSPORT, LLC,** | ) | |
| **Employer,** | ) | **Judge Robert Durham** |
| **And** | ) | |
| **MIDWEST EMPLOYERS CAS. CO.,** | ) | |
| **Insurer.** | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court held a hearing on November 25, 2020, to determine whether Mr. Pendergrass is likely to prove entitlement to pain management treatment for his current low-back complaints. The Court holds his evidence is insufficient at this time and denies the requested treatment.[1]

### History of Claim

Mr. Pendergrass worked as a tractor-trailer driver for Rich Transport. On January 25, 2019, a van rear-ended Mr. Pendergrass's truck, causing him low back pain that radiated down his legs.[2]

A February 2019 lumbar MRI revealed degenerative and post-surgical changes at L4-5 and L5-S1 with foraminal narrowing at L4-5 deforming the L4 root sleeves as well as a broad-based disc bulge at L5-S1 that suggested an annular tear (disc herniation). Rich provided a panel, and Mr. Pendergrass chose neurosurgeon Oran Aaronson as his authorized physician.

Dr. Aaronson evaluated Mr. Pendergrass in March, observing that he complained of low-back pain and bilateral lower-extremity pain with numbness radiating to his feet. He

---

[1] Mr. Pendergrass filed a motion to compel payment of medical benefits; however, the Court shall treat it as a Request for Expedited Hearing and use the appropriate evidentiary standard for interlocutory hearings.
[2] Mr. Pendergrass also complained of left knee pain, which is not relevant to this motion.

1

noted that Mr. Pendergrass underwent laminectomies at L4-5 and L5-S1 in 2017, but he had been doing "exceptionally well" before his accident. He thought the disc herniation at L5-S1 was the "most significant culprit" for Mr. Pendergrass's symptoms.

Dr. Aaronson recommended a course of epidural injections, but Rich denied it. He then declined to provide further treatment, so Rich authorized neurosurgeon Patrick Schwartz to see Mr. Pendergrass in August. Mr. Pendergrass complained of recurring pain and numbness from his left buttock to his foot. Dr. Schwartz recommended physical therapy as well as pain management for "evaluation and treatment of low back pain."

Rich authorized physical therapy but denied pain-management through Utilization Review. Mr. Pendergrass returned to Dr. Schwartz after attempting physical therapy, which he stated he could not complete due to pain. Dr. Schwartz recommended he take pain medication before therapy sessions. He stated Mr. Pendergrass's condition was in a "holding pattern" until he undergoes a pain-management evaluation and finishes physical therapy. Nevertheless, Rich denied his recommended treatment and advised that "none of his treatment will be approved." Thus, Dr. Schwartz assessed maximum medical improvement on November 7.

After an expedited hearing in January 2020, the Court held Mr. Pendergrass proved that the pain management recommended by Dr. Schwartz was reasonable and necessary to treat his work-related back injury. Causation was not an issue at the time.

Rich provided a panel, but Mr. Pendergrass's choice was no longer available, so Rich scheduled him to see Dr. Puneet Mishra. Mr. Pendergrass did not see Dr. Mishra until May 2020, at which time Dr. Mishra prescribed various non-opioid medications and ordered a lumbar MRI.

Mr. Pendergrass returned to Dr. Mishra on June 17 complaining of continued sharp pain and numbness radiating to both legs. He underwent an MRI, which showed "bilateral facet joint DJD and hypertrophy most prominent at L4-L5, L5-S1 with moderate bilateral neuroforaminal stenosis." Dr. Mishra did not believe Mr. Pendergrass' accident caused these conditions, although it might have triggered a previous asymptomatic condition that caused low back and leg pain.

Rich then refused to authorize additional visits until it received clarification on causation. On September 13, Dr. Mishra signed an opinion letter stating that he did not believe Mr. Pendergrass's current low-back symptoms are more than 50% causally related to his accident. Rich then denied additional pain-management care, which led to this motion and the parties taking Dr. Schwartz's and Dr. Mishra's depositions.

Dr. Schwartz gave his deposition on November 5, 2020. He testified when he last saw Mr. Pendergrass in November 2019, he believed within a reasonable degree of medical

certainty that his low-back pain and radiculopathy were more than 50% caused by the January 2019 accident. He based this opinion on Mr. Pendergrass's history that his symptoms had resolved after his 2017 surgery only to return after the 2019 accident, based on the February 2019 MRI, and his objective findings on examination. He further believed at that time that pain management and physical therapy were reasonable and necessary to treat those symptoms.

However, he qualified these opinions by stating he had not seen Mr. Pendergrass, or any record of his progress, in a year. To address this issue, Mr. Pendergrass's counsel asked him whether he would have any reason to disbelieve Mr. Pendergrass if he said that he still suffered from sharp, radiating pain in both legs. Dr. Schwartz stated he did not, but he could not give an opinion as to whether he would currently benefit from pain management or physical therapy, since he had not seen him in a year.

Dr. Mishra testified that Mr. Pendergrass was a candidate for physical therapy, epidural injections and pain management, just as any person who suffers from debilitating low back pain would be. As for causation, he observed that the February 2019 MRI showed an annular tear consistent with his symptoms at the time; however, the June 2020 MRI did not show this tear, indicating the injury had resolved. He concluded that Mr. Pendergrass's complaints could have initially been triggered by his accident; however, he could not give an opinion one way or the other as to whether his current symptoms were more than 50% caused by the accident. He further stated he could not see how any physician could give such an opinion, but he suspected the answer would be "no" given the length of time since the accident.

### Findings of Fact and Conclusions of Law

Mr. Pendergrass must present sufficient evidence establishing he is likely to prove at trial that he is entitled to the requested benefits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019). Here, the only issue is whether Mr. Pendergrass's current low-back symptoms are causally related to his accident, entitling him to additional treatment. Mr. Pendergrass must prove this entitlement through expert medical opinion. Tennessee Code Annotated § 50-6-102(14)(C). The Court holds that the medical proof he offered is insufficient to meet his burden.

Normally, when considering different medical opinions, the Court must weight various factors, including the presumptions afforded to authorized physicians under Tennessee Code Annotated §§ 50-6-102(14)(E) and 50-6-204(a)(3)(H), to determine which opinion to credit. However, this is not necessary here, since the Court finds that Dr. Schwartz's opinion is not sufficient to prove the need for additional pain management for Mr. Pendergrass's work-related injury.

Dr. Schwartz's opinions as to the cause of his low-back complaints and the need for

additional treatment only meet Mr. Pendergrass's evidentiary burden through the time that Dr. Schwartz last saw him. He repeatedly qualified his opinions by stating he believed they were correct at the time he made them, but it had been a year since he last saw him, and information and circumstances might have changed. He admitted that he did not review Mr. Pendergrass's FCE, Dr. Mishra's records, or the June 2020 MRI.

Dr. Schwartz specifically said he could not offer an opinion as to whether pain management was still reasonable and necessary treatment. The only comment he made about Mr. Pendergrass's current condition was that, based on the information he had, he had no reason to doubt his ongoing complaints of sharp stabbing pain that radiated down both legs. However, he did not give an opinion that these symptoms were due to the January 2019 accident. In addition, Dr. Mishra did not provide an actual causation opinion that offers any guidance.

Given the record before it, the Court holds the medical evidence is not enough to prove that Mr. Pendergrass is likely to prevail on the issue of causation for his current low-back symptoms.

IT IS, THEREFORE, ORDERED that:

1. Mr. Pendergrass's request for additional pain management for his current low-back symptoms is denied.

2. This case is set for a Scheduling Hearing on **January 13, 2021**, at **9:00 a.m. Central Time**. The parties must call 615-253-0010 or toll-free at 855-689-9049 to participate. Failure to call might result in a determination of the issues without your participation.

**ENTERED December 4, 2020.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

4

**APPENDIX**

Exhibits:
1. Dr. Schwartz's deposition with attached exhibits
2. Dr. Mishra's deposition with attached exhibits

Technical Record:
1. Motion for Medical Care
2. Mr. Pendergrass's Pre-Hearing Brief
3. Rich's Pre-Hearing Brief

**CERTIFICATE OF SERVICE**

A copy of the Order was sent as indicated on December 4, 2020.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Stephan Karr | | X | steve@flexerlaw.com nancy@flexerlaw.com |
| Michael Mansfield | | X | mmansfield@raineykizer.com cjohnson@raineykizer.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____
*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____       ☐ Motion Order filed on _____

☐ Compensation Order filed on_____       ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*